## SAME CASE ON A RE-HEARING.

In admitting a prisoner to bail, the proper practice is for the Judge to fix the amount of a bond, and deputise a person to receive and approve, in each case, as it is presented by the grand jury.

SPOFFORD, J. In refusing the re-hearing prayed for in this case, we remark that the decision is based solely on the ground that the record does not disclose an order authorizing *Hopson* to be admitted to bail, either expressly, or by necessary implication.

A general order might be so drawn as to include special cases of necessity ; at the same time, we take occasion to express our disapprobation of a practice which seems to imply that the grade of the crime is the sole measure of the amount of the bond to be required to admit the party to bail ; whereas the object of requiring bail is to secure the attendance of the party, and the amount of the bond should vary, not only with the degree of the offence, but with the circumstances of the accused.

STATE
v.
HOPSON.

The proper practice is for the Judge to fix the amount of a bond and deputize a person to receive and approve it, in each case, as it is presented by the grand jury.

Re-hearing refused.